**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

VELMA DUNN, individually and as
personal representative of
the estate of JEROME LOPEZ,

    Plaintiff,

    v.                                                             CIV. NO. 06-027 WJ/WPL

NATIONAL UNION FIRE INSURANCE
COMPANY, REIMAN CORPORATION,
and FIDENCIO VILLALOBOS,

    Defendants.

**<u>MEMORANDUM OPINION AND ORDER GRANTING MOTION TO REMAND</u>**

        THIS MATTER comes before the Court upon Plaintiff's Motion for Remand, filed January 27, 2006 (**Doc. 10**). Having considered the parties' briefs and the applicable law, I find that Plaintiff's motion is well taken and will be granted.

**BACKGROUND**

        This case was originally filed on October 6, 2005 in the First Judicial District Court, County of Santa Fe, State of New Mexico. Plaintiff is the personal representative of the estate of Jerome Lopez ("Lopez") who died as the result of a work related incident. Named as defendants are National Union Fire Insurance Company ("National Union"), Reiman Corp. ("Reiman") and Fedencio Villalobos ("Villalobos"). The complaint seeks a declaratory judgment as to the existence of liability coverage by Defendant National Union for the alleged tortious conduct of Reiman and Villalobos, which resulted in the wrongful death of Mr. Lopez.

National Union issued a commercial umbrella policy to Reiman effective November 1, 2001 through November 1, 2002. On January, 28, 2002, Lopez lost his footing and fell to his death while working for Reiman as a welder on the I-10 bridge project over the Rio Grande in Dona Ana County, New Mexico. Plaintiff alleges that Defendant Villalobos was the site supervisor for Reiman, and, at the direction of Reiman, failed to provide appropriate static safety lines at the site as required by federal regulation and by the contract between Reiman and the State of New Mexico.

National Union is a foreign corporation with its principal place of business in New York, and is licensed to engage in the insurance business in the State of New Mexico. Reiman is a foreign corporation incorporated under the laws of Wyoming with its principal place of business in Wyoming. Villalobos is a resident of the State of New Mexico. Plaintiff is a resident of the State of New Mexico.[1]

Plaintiff filed a separate wrongful death lawsuit in the First Judicial District Court, County of Santa Fe, State of New Mexico. Named as defendants in that lawsuit are Reiman and Villalobos. The wrongful death lawsuit is still pending in state court. Plaintiff did not attempt to amend her pleadings in the wrongful death lawsuit to bring her declaratory relief claims against National Union; rather, she filed the instant separate declaratory relief action in the state court.

---

[1] Plaintiff Velma Dunn brings this case individually and in her capacity as personal representative of the Estate of Jerome Lopez. Ms. Dunn herself is a resident of New Mexico, First Amended Complaint ¶ 2. In her capacity as personal representative, she is deemed to be citizen of the same State as Mr. Lopez for purposes of diversity jurisdiction, 28 U.S.C. § 1332(c)(2), and Mr. Lopez was a resident of the State of New Mexico, Plaintiff's Memorandum in Support of Motion to Remand ¶ 2.

National Union removed the declaratory judgment action to this Court on January 11, 2006 alleging federal subject matter jurisdiction on the basis of diversity of citizenship. At the time this action was removed to federal court, National Union was the only Defendant for which a return of service had been filed in the state court action. In the Notice of Removal, National Union acknowledges that Defendant Villalobos is a resident of New Mexico but alleges that Villalobos and Reiman are fraudulently joined or, alternatively, should be realigned as plaintiffs in this action.

Plaintiff seeks remand of this case on the grounds that (1) the notice of removal was procedurally defective; (2) there is no diversity of citizenship among the parties such that this Court lacks subject matter jurisdiction; and (3) the Court has discretion to remand this action pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.

**LEGAL STANDARD**

An action is removable if the district court of the United States would have original jurisdiction over the matter. 28 U.S.C. § 1441(a). It is the obligation of the removing party to establish the subject matter jurisdiction of this Court. Huffman v Saul Holdings Ltd. P'ship, 194 F.3d 1072, 1079 (10th Cir. 1999); United States v Bluewater-Toltec Irrigation Dist., 580 F.Supp. 1434, 1440 (D.N.M. 1984). There is a presumption against removal jurisdiction. Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995). Both the requisite amount in controversy and the existence of diversity must be affirmatively established by a preponderance of the evidence on the face of either the complaint or the removal notice for purposes of diversity jurisdiction. Martin v. Franklin Capital Corp., 251 F.3d 1284, 1290 (10th Cir. 2001); Laughlin, 50 F.3d at 873. Diversity jurisdiction requires complete diversity in that no plaintiff be the citizen of the

3

same state as any defendant.  Gadlin v. Sybron Intern. Corp., 222 F.3d 797, 799 (10th Cir. 2000).

**DISCUSSION**

I.      NOTICE OF REMOVAL

Plaintiff alleges that Notice of Removal is procedurally defective because only National Union removed this case, and the other defendants, Reimer and Villalobos, did not consent to the removal.  The "unanimity rule" requires that all defendants consent to removal in a multiple defendant lawsuit.  Sheet Metal Workers Intern. Ass'n, AFL-CIO v. Seay, 693 F.2d 1000, 1005 n.8 (10th Cir. 1982) (citing Cornwall v. Robinson, 654 F.2d 685, 686 (10th Cir. 1981)).  However, defendants that have not been served at the time of removal need not consent to the removal.  See Jasper v. Wal-Mart Stores, 732 F.Supp. 104, 105 (M.D. Fla. 1990).[2]  When National Union filed its Notice of Removal in this case, no other defendant had been served.  Thus, the failure of Reimer and Villalobos to consent to removal is not a procedural defect in the Notice of Removal, and this case will not be remanded on that basis.

II.     DIVERSITY OF CITIZENSHIP

   A.      Fraudulent Joinder/ Misalignment of Parties

---

[2]There is no Tenth Circuit authority on whether defendants who have not been served must join in a removal.  Nor has this Court directly addressed the issue.  In Kiro v. Moore, 229 F.R.D. 228 (D.N.M. 2005), this Court suggested that defendants who had not been served need not consent to removal.  In a Memorandum Opinion and Order filed June 17, 2003 in Meraz v. Lee, Civil No. 03-424 WJ/KBM (D.N.M 2003), this Court concluded that the 30 day time limit for removing a case begins to run when the first defendant is served such that a defendant served later may have less than 30 days or no time to remove the action.  In adopting this rule, the Court noted that, if the first defendant served wishes to remove the action, that defendant may do so.  Thus, adopting the rule that only defendants that have been served at the time of removal must join the removal is consistent with this Court's prior rulings.

Plaintiff contends that diversity of citizenship does not exist in this case because one of the named Defendants, Villalobos, is a resident of New Mexico.  National Union argues that Reimer and Villalobos are fraudulently joined in this action or, alternatively, should be realigned with the Plaintiffs.

In a case in which there is a resident defendant, a party seeking to justify removal based on diversity jurisdiction must plead a claim of fraudulent joinder of the resident defendants with particularity and prove the claim with certainty.  Couch v. Astec Indus., Inc., 71 F.Supp.2d 1145, 1146-47 (D.N.M. 1999).  The burden of showing fraudulent joinder is a heavy one.  Hart v. Bayer Corp., 199 F.3d 239, 246 (5th Cir. 2000); Bd. of County Com'rs of County of Mesa v. Atlantic Fidelity, Inc., 930 F.Supp. 499, 500 (D. Colo. 1996).  To prove an allegation of fraudulent joinder, the removing party must demonstrate that there is no possibility that the plaintiff would be able to establish a cause of action against the joined party in state court.  Hart, 199 F.3d at 246.  This standard is more exacting than the standard for dismissing a claim under Fed. R. Civ. P. 12(b)(6).  Batoff v. State Farm Ins. Co., 977 F.2d 848, 851-53 (3d Cir. 1992).  When a party removing a case to federal court alleges fraudulent joinder to prevent removal, federal courts may look beyond the pleadings to determine if the joinder is a sham or fraudulent device to prevent removal.  Smoot v. Chicago, Rock Island and Pac. R.R. Co., 378 F.2d 879, 881-82 (10th Cir. 1967).  A viable claim is stated against a resident defendant so long as there is some factual fit between the plaintiffs' allegations and the pleaded theory of recovery.  Griggs v. State Farm Lloyds, 181 F.3d 694, 701 (5th Cir. 1999).  Remand is required if any one of the claims against the non-diverse defendant is possibly viable.  See Green v. Amerada Hess Corp., 707 F.2d 201, 207 (5th Cir. 1983).  Joinder of a resident defendant against whom no cause of action is stated is

fraudulent as well as joinder of a nonresident defendant if a cause of action is stated but, in fact, no cause of action exists. Id. at 882.

In this case, Plaintiff is seeking a declaration of coverage for Plaintiff's injuries under the National Union umbrella policy because National Union has reserved its rights with regard to coverage depending on the outcome in the wrongful death lawsuit.[3] Plaintiff does not seek a judgment or finding with regard to the ultimate question of the liability of National Union's insureds, Reimer or Villalobos. Nor is there any law that permits Plaintiff to obtain a judgment against Reimer and Villalobos declaring that the National Union policy provides coverage to them for the incident that led to Plaintiff's decedent's death.[4] That issue is the subject of the wrongful death lawsuit filed in state court. Rather, Plaintiff is essentially asserting Reimer's and Villalobos' rights against National Union for coverage. Accordingly, Plaintiff does not have a cause of action against Villalobos or Reimer in this case.[5]

While it would appear that Reimer and Villalobos are fraudulently joined based on the above analysis, the Court's inquiry does not end here. Under Fed. R. Civ. P. 21, "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." A party may be dropped under Rule 21 in

---

[3] Apparently, Reimer's underlying insurer is providing a defense in the wrongful death lawsuit.

[4] In deciding the issues raised in Plaintiff's motion, the Court does not decide whether Plaintiff is a proper party to bring a Declaratory Judgment action against National Union. This issue was not properly raised nor briefed with regard to this motion but is the subject of a separate motion to dismiss filed by National Union (Doc. 4). The related argument that Plaintiff is a third-party beneficiary of the insurance contract is also not addressed in this decision.

[5] This conclusion only concerns this declaratory judgment action and should not be read as a conclusion with regard to the wrongful death action in state court.

6

order to achieve diversity jurisdiction if that party's presence is not essential to a just and meaningful adjudication. Varley v. Tampax, Inc., 855 F.2d 696, 702 (10th Cir. 1988). Under Fed. R. Civ. P. 19, a party's presence is essential, if "the person claims an interest relating to the subject matter of the action and is so situated that the disposition of the action in the person's absence may . . . as a practical matter impair or impede that person's ability to protect that interest."

A decision on the merits of this case will determine the rights of Reimer and Villalobos to coverage under the National Union Umbrella policy, and a disposition in their absence will impair or impede their ability to protect their interests in coverage. Thus, they are proper parties in this action and cannot be dropped pursuant to Rule 21. However, this does not mean that their presence in this case necessarily destroys diversity.

In diversity suits, courts will scrutinize the interests of the parties to determine if their positions in the litigation conform to their real interests. Farmers Alliance Mut. Ins. Co. v. Jones, 570 F.2d 1384, 1387 (10th Cir. 1978). The parties' characterization in the pleadings of their interests is not definitive. City of Indianapolis v. Chase Nat'l Bank, 314 U.S. 63, 69 (1941). Determining the real interests of the parties is a fact inquiry directed at the record. Id. In a case that has been removed to federal court, a court most look at the facts in the record at the time of removal. Kenko Int'l, Inc. v. Asolo S.R.I., 838 F.Supp. 503, 505 (D. Colo. 1993). Realignment is proper only if the court finds that there is no actual controversy between the parties to be realigned as nonadversaries. Jones, 570 F.2d at 1387.

In this litigation, the interests of Reimer and Villalobos are in all respects identical to those of Plaintiff, an interest in a declaration of coverage under the National Union umbrella

policy for the underlying event.[6] Thus, realignment of the parties according to their interests would appear to be appropriate. Plaintiff argues that realignment is not proper because there is an actual controversy between Plaintiff on the one hand and Reimer and Villalobos on the other regarding liability for the death of Mr. Lopez. However, the issue of liability is not being litigated in this case; the only issue before this Court is coverage and the interests of Villalobos and Reimer are aligned with Plaintiff's interest regarding that issue. The adversarial relationship among these parties in the wrongful death lawsuit where the issue of liability will be determined does not affect the alignment of interests in this case.[7] Accordingly, Reimer and Villalobos are misaligned as Defendants in this lawsuit and shall be realigned as Plaintiffs, and the presence of Reimer and Villalobos in this action does not defeat diversity jurisdiction.

B.      Direct Action Under 28 U.S.C. § 1332(c)(1)

Plaintiff contends that, even if Villalobos and Reimer are realigned or determined to be fraudulently joined, there is no diversity in this case because this is a direct action, and under 28 U.S.C. § 1332(c)(1), National Union is deemed a citizen of the same state of its insured. National Union argues that this is not a direct action for purposes of 28 U.S.C. § 1332(c)(1).

---

[6] National Union has, in fact, filed a cross claim seeking a declaratory judgment against Reimer and Villalobos. National Union seeks adjudication of the coverage issue for the wrongful death lawsuit as well as adjudication of the coverage issue for this coverage lawsuit.

[7] This case is easily distinguished from Fireman's Fund Insurance Co. v. Dunlap, 317 F.2d 443 (4th Cir. 1963) in which the insured's and insurer's interests were aligned because both argued that there was no coverage and no liability based on a single factual determination. In other words, the determination of a single fact - whether or not a driver had permission to drive a car - would simultaneously and necessarily determine both the liability and coverage issue, and the insured and insurer had identical interests in obtaining a determination of no coverage. That is not the situation in this case because a determination of no coverage would not eliminate Reimer's and Villalobos' exposure on the issue of liability. Thus, their interests are not identical with those of National Union.

"[Section 1332(c)(1)] was enacted by Congress in order to eliminate the basis for diversity jurisdiction in states that allow an injured third-party claimant to sue an insurance company **for payment of a claim** without joining the company's insured as a party . . . . Tuck v. United Services Automobile Assn., 859 F.2d 842, 847 (10th Cir. 1988) (emphasis added). "Unless the claim against the insurance company is of such a nature that the liability could be imposed against the insured, the action is not a direct action under Section 1332(c)." Fleming v. Allstate Ins. Co., 709 F.Supp. 216 (D. Colo. 1989) (citing Tuck, 859 F.2d at 847).

Plaintiff brings this declaratory judgment action seeking a declaration of coverage and does not seek payment of a claim. Additionally, as discussed above, Plaintiff could not bring this action against the insured and obtain a judgment against Reimer or Villalobos declaring coverage under the National Union umbrella liability policy. Consequently, this is not a direct action under 28 U.S.C. § 1332(c)(1), National Union is not deemed to be a citizen of the same state as its insureds, and this Court has subject matter jurisdiction over this controversy pursuant to 28 U.S.C. § 1332.

### III.  DISCRETIONARY JURISDICTION UNDER THE DECLARATORY JUDGMENT ACT

Plaintiff argues that this Court must decline to entertain this declaratory judgment action because, under New Mexico state law, coverage issues must be raised in the primary action, in this case the wrongful death lawsuit, and cannot be raised separately in a declaratory judgment action. Plaintiff also contends that the Court should decline to exercise jurisdiction in this case because the issues raised are purely a matter of state law and should be resolved by the state courts.

In Foundation Reserve Ins. Co. v. Mullenix, the New Mexico Supreme Court held that, under New Mexico law, coverage issues such as the one at bar must be decided in the "primary action" rather than in a declaratory judgment action.  642 P.2d 604 (N.M. 1982).  Plaintiff appears to argue that the substantive law of New Mexico precludes the separate consideration by this Court of the coverage issue in a declaratory judgment action.

The Tenth Circuit addressed a similar argument in Farmers Alliance Mut. Ins. Co. v. Jones, 570 F.2d 1384 (10th Cir. 1978).   In Jones, an insurer filed a complaint in federal court in Oklahoma based on diversity jurisdiction under the Declaratory Judgment Act to determine its liability under an insurance policy.  Under the Oklahoma declaratory judgment statute, declaratory judgment actions for determination of insurers' liability were expressly prohibited.  The appellants in Jones argued that the federal courts lacked jurisdiction over the action because the substantive law of Oklahoma forbade the action.  The Tenth Circuit concluded that the federal Declaratory Judgment Act involves procedural remedies rather than substantive rights such that the federal court's exercise of jurisdiction over the declaratory judgment action in spite of the Oklahoma law prohibiting such actions did not run afoul of the doctrine of Erie R. Co. v. Tompkins, 304 U.S. 64 (1938) and its progeny.  Jones, 570 F.2d at 1386.

In this case, the same principle dictates that New Mexico case law requiring that coverage issues be litigated in a primary proceeding rather than in a separate declaratory judgment action does not deprive this Court of subject matter jurisdiction over this declaratory judgment action nor prohibit this action.

A trial court has discretion to determine whether to entertain a declaratory judgment action.  See Wilton v. Seven Falls Co., 515 U.S. 277, 279 (1995) (citing Brillhart v. Excess Ins.

Co. of America, 316 U.S. 491 (1942)) Jones, 570 F.2d at 1386. "[U]nlike coercive actions, declaratory actions do not invoke the federal judiciary's virtually unflagging obligation to exercise its jurisdiction." United States v. City of Las Cruces, 289 F.3d 1170, 1182 (10th Cir. 2002) (internal quotations an citations omitted). The Supreme Court has observed that "[o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit . . . not governed by federal law." Brillhart, 316 U.S. at 495. The Tenth Circuit has outlined several factors a Court should consider when deciding whether to exercise jurisdiction over a declaratory judgment action including: whether a declaratory action (1) would settle the controversy; (2) would serve a useful purpose in clarifying the legal relations at issue; (3) is being used merely for the purpose of procedural fencing or to provide an arena for a race to res judicata; (4) would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there exists a better or more effective alternative remedy. See State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d 979, 983 (10th Cir. 1994).

Normally, a court analyzing these factors is considering a parallel state court proceeding addressing the same or similar issues as those raised in the federal declaratory judgment action. See City of Las Cruces, 289 F.3d at 1183 (10th Cir. 2002). However, the factors may be used when there is no parallel proceeding, and, in such case, the lack of a pending state proceeding weighs in favor of the federal court's exercise of jurisdiction over the declaratory judgment action. Id. (citing ARW Exploration Corp. v Aguirre, 947 F.2d 450, 454 (10th Cir. 1991).

In this case, there is a pending wrongful death lawsuit in state court that, on its face, is not similar to the case at bar. Thus, at first blush, it would appear that no parallel state proceeding will settle the controversy raised in this case, and this case will serve a useful purpose in clarifying

11

the legal relationships at issue. However, if this Court declines to exercise jurisdiction over this action, this case will be remanded to the state court, and there will be a state proceeding that will settle the controversy. The hearing of the issues in this Court will be no more helpful in settling the controversy or clarifying the legal relationships at issue than the hearing of these issues in state court.

Moreover, there is more similarity of issues between the declaratory action and the wrongful death action than might be readily apparent. The wrongful death action hinges on a New Mexico Supreme Court opinion, Delgado v. Phelps-Dodge Chino, Inc., in which the court concluded that an injured employee was not precluded by the exclusivity provisions of the New Mexico Worker's Compensation Act (WCA) from suing his or her employer in tort if the employer willfully or intentionally caused the injury. 34 P.3d 1148, 1155 (N.M. 2001). Because Mr. Lopez was an employee of Reimer and his death occurred as the result of a work-related event, Plaintiff's wrongful death action will necessarily involve a determination whether any defendant "willfully" or "intentionally" caused Mr. Lopez' death.

This declaratory judgment action was brought in part because National Union asserted in a letter to Reiman that, based on the allegations in the wrongful death suit of intentional and willful conduct, there was a significant issue whether the conduct was an accident as defined in the National Union policy. Defendant's Exhibit A. The policy defines a covered occurrence as an accident "neither expected nor intended" and excludes coverage for "bodily injury . . . expected or intended from the standpoint of the insured." Id. Thus, resolution of the declaratory judgment action will necessarily involve a determination whether "intentional" or "willful" conduct for

purposes of Delgado is coextensive with "expected or intended" for purposes of insurance definitions and exclusions.

The Delgado exception to the WCA exclusivity provision is relatively new for New Mexico courts, and the scope of the exception is still being worked out in both state and federal courts within New Mexico. See Cordova v. Peavey Co., 273 F.Supp.2d 1213 (D.N.M. 2003); Dominguez v. Perovich Proeprties, Inc., 111 P.3d 721 (N.M. App. 2005); Morales v. Reynolds, 97 P.3d 612 (N.M. App. 2004). While federal courts have joined in efforts to clarify Delgado by providing interpretations of the willfulness standard set forth in that case, see e.g., Cordova, 273 F.Supp.2d 1213; Wells v. US Foodservice, Inc., 95 Fed.Appx. 302 (10th Cir. 2004), these opinions have involved the application of New Mexico law to various factual scenarios. Addressing whether willful or intentional conduct which falls within the Delgado exception also falls within insurance policy exclusions of bodily injury that is expected or intended is an entirely new frontier that has not been addressed by any New Mexico court since the Delgado opinion was published. Thus, it involves more than interpretation of existing state law; it involves making of new law.

State courts generally have a strong interest in determining such issues in the first instance, and this Court would most certainly be improperly encroaching on an area of strong state interest by exercising such jurisdiction. It is much more appropriate that this issue be decided in state court in the first instance so that both insurance companies and other interested persons may obtain a firm and conclusive ruling on the impact of Delgado on insurance coverage for bodily injury claims. This factor outweighs any of the other Mhoon factors, I will exercise my discretion

13

by declining to exercise jurisdiction over this declaratory judgment action, and this case is remanded to the state court from which it was removed.

**CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiff's Motion for Remand **(Doc. 10)** is hereby GRANTED and this case is hereby REMANDED to the First Judicial District Court, County of Santa Fe, State of New Mexico from which it was removed.

_____
UNITED STATES DISTRICT JUDGE